**Meyer PIET, and Futurecraft Corporation, a corporation, Appellants,**

v.

**UNITED STATES of America, Appellee.**

**No. 16782.**

United States Court of Appeals
Ninth Circuit.

Nov. 7, 1960.

Julian O. von Kalinowski, Dean C. Dunlavey, Gibson, Dunn & Crutcher, Los Angeles, Cal., for plaintiff-appellants.

George C. Doub, Asst. Atty. Gen., Morton Hollander, Ronald A. Jacks, Attorneys, Department of Justice, Washington, D. C., Laughlin E. Waters, U. S. Atty., Los Angeles, Cal., for appellee.

Before BARNES, HAMLEY and KOELSCH, Circuit Judges.

PER CURIAM.

We believe the trial court was correct in its decision on each of the two principal issues contained in this case, i. e., that the plaintiffs' invention was "in public use" and "on sale" (as those words of art are used in patent law) more than one year prior to the date of the application for a patent. Plaintiff-inventor chose neither to file an earlier application for a patent, nor to *himself* restrict or limit the use of the valves by others. By his own actions he has prevented the protection ordinarily granted by a patent to apply to him, under the unusual circumstances of this case.

It was agreed by opposing counsel at oral argument that paragraph II of the opinion rendered below, incorporated by reference in the Findings, should be modified to correct an error appearing therein. The *second* reference to the March 29th date should read "1953," rather than "1954," in order to be in accord with Conclusion of Law 2.

As thus modified, the opinion of the able trial judge below is adopted by us, in all particulars, as our opinion herein. Cf. D.C.S.D.Cal.1959, 176 F.Supp. 576.

The judgment is affirmed.